THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUDSON HENLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:16-cv-555 |
| | § | |
| NORTHFIELD INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## **DEFENDANT NORTHFIELD INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant Northfield Insurance Company files this Notice of Removal under 28 U.S.C. § 1446(a) and states as follows:

## I.   INTRODUCTION

1. On September 10, 2015, Plaintiff Hudson Henley ("Plaintiff") filed his Original Petition in the 193rd Judicial District Court of Dallas County, Texas.

2. Plaintiff's Original Petition alleges a cause of action against Defendant Northfield Insurance Company ("Northfield") for breach of contract and seeks a declaratory judgment under Chapter 37 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

3. Northfield was served with the petition on February 12, 2016.  Accordingly, this Notice of Removal is filed within the 30-day time period required by 28 U.S.C. § 1446(b).

4. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district.

## II.     BASIS FOR REMOVAL

5.     Removal of this action is proper under 28 U.S.C. § 1332(a) if there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 (excluding interest, costs, and attorneys' fees). These two requirements are satisfied in this matter.

### A.     Citizenship of the Parties

6.     Plaintiff was at the time this lawsuit was filed, and at the date of this Notice remains, an individual residing in Texas.

7.     Northfield was at the time this lawsuit was filed, and at the date of this Notice remains, a foreign insurance company incorporated under the laws of Iowa, and with a principal place of business in Connecticut. Thus, Northfield is a citizen of Iowa and Connecticut for purposes of diversity jurisdiction.

8.     Accordingly, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Northfield.

### B.     Amount in Controversy

9.     If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorneys' fees, Northfield's burden to establish that the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[1]

10.     Here, Plaintiff's Original Petition states that Plaintiff seeks monetary relief between $100,000 and $200,000 in this action.[2] It is thus facially apparent that Plaintiff's claims exceed this Court's jurisdictional threshold of $75,000.

---

[1]     *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[2]     *See* Plaintiff's Original Petition at page 2, ¶5.

11. Because there is complete diversity between the parties and the amount in controversy exceeds $75,000 (excluding interest, costs, and attorneys' fees), removal is proper under 28 U.S.C. § 1332(a).

### III.   CONCLUSION

12. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Dallas County, Texas after the filing of this Notice.

13. As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice:

    a. an index of all documents attached to (or filed with) this Notice that clearly identifies each such document and indicates the date the document was filed in state court (if applicable);

    b. a copy of the docket sheet in the state court action;

    c. each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date); and

    d. a separately signed certificate of interested persons that complies with Local Rule 3.1(c).

14. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

15. For the foregoing reasons, Northfield Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

**ZELLE LLP**

By: _____/s/ Tyler J. McGuire_____
    James W. Holbrook, III
    Texas Bar No. 24032426
    jholbrook@zelle.com
    Jennifer L. Gibbs
    Texas Bar No. 24050656
    jgibbs@zelle.com
    Tyler J. McGuire
    Texas Bar No. 24098080
    tmcguire@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:    241-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANT NORTHFIELD INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Notice of Removal has been served this 29th day of February, 2016, in accordance with the FEDERAL RULES OF CIVIL PROCEDURE as follows:

R. Lane Addison
rladdison@henleylawpc.com
HENLEY & HENLEY, P.C.
3300 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
Telephone:    214-821-0222
Facsimile:    214-821-0124
*Attorney for Plaintiff*

                              _____/s/ Tyler J. McGuire_____
                                      Tyler J. McGuire