# EXHIBIT C

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

HUDSON HENLEY,

     Plaintiff,

v.                            CIVIL ACTION NO. 3:16-cv-555

NORTHFIELD INSURANCE
COMPANY,

     Defendant.

## INDEX OF DOCUMENTS FILED IN THE STATE COURT ACTION

Documents filed and entered in the state court action as listed below:

1.     Plaintiff's Original Petition
        Filed:  September 10, 2015

2.     Request for Service
        Filed:  January 12, 2016

3.     Plaintiff's Citation issued to Northfield Insurance Company
        Issued:  January 15, 2016

4.     Notice of Initial Dismissal Hearing
        Issued:  October 7, 2015

5.     Notice of Status Conference
        Issued:  February 15, 2016

6.     Original Answer – General Denial
        Filed:  February 29, 2016

# EXHIBIT C-1

DALLAS COUN
9/10/2015 9:55:16
FELICIA PIT
DISTRICT CLE

DC-15-10617                                        Tonya Pointer

NO. _____

| | | |
|---|---|---|
| **HUDSON HENLEY** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **NORTHFIELD INSURANCE** | § | |
| **COMPANY** | § | |
| **Defendant.** | § | **OF DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Hudson Henley, hereinafter called Plaintiff, complaining of and about Northfield Insurance Company, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.     Plaintiff, Hudson Henley, is an Individual whose address is 3300 Oak Lawn Ave., Suite 700, Dallas, Texas 75219.

3.     Defendant Northfield Insurance Company, a Nonresident Corporation, has conducted business in the State of Texas. This action arises out of the business of said Defendant in this state. Defendant Northfield Insurance Company is not required by statute to designate or maintain a registered agent for service of process in the State of Texas. Service of process pursuant to Section 17.043 of the Texas Civil Practice and Remedies Code may therefore be effected by serving Kenneth Petersen, who is the person in charge of the business of said Defendant, a citation *directed to said Defendant*, at the following address: 385 Washington

1

Street, St. Paul, MN 55102. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

4.      The subject matter in controversy is within the jurisdictional limits of this court.

5.      Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

6.      This court has jurisdiction over Defendant Northfield Insurance Company, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Northfield Insurance Company will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7.      Furthermore, Plaintiff would show that Defendant Northfield Insurance Company engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas.

8.      Insurance contract specifically provides that the Defendant "will submit to the jurisdiction of any court of competent jurisdiction within the United States" and "and all matters arising [under the lawsuit] shall be determined in accordance with the law and practices of such court."

9.      Venue in Dallas County is permissive in this cause under Section 15.011 of the Texas Civil Practice and Remedies Code because this action involves real property as provided by said Section, and this county is where all or part of the real property is located.

## FACTUAL ALLEGATIONS

10.     On January 11, 2015, Hudson Henley entered into a written contract with Northfield Insurance Company, providing that Defendant would provide insurance to property owned by Plaintiff ("the Contract").

11.     Plaintiff's property experienced an insurable loss on March 9, 2015 that Defendant has refused to provide insurance coverage.

## BREACH OF CONTRACT

12.     Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

13.     All conditions precedent to the performance of Northfield Insurance Company under the Contract have been met.

14.     The contractual obligations of Hudson Henley have been fully performed.

15.     Defendant has failed to perform its contractual obligations, specifically, by failing to paying a valid insurance claim.

16.     Defendant's breach of contract described hereinabove has injured Plaintiff, causing repair and replacement costs of the destroyed brick facade.

## DECLARATORY RELIEF

17.     Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

18.     There is a real and immediate dispute between the parties regarding the validity and proper interpretation of the Contract.

19.     Pursuant to the Uniform Declaratory Judgment Act, Texas Civil Practice and Remedies Code §§ 37.001 et seq., Plaintiff requests that the Court issue a declaratory judgment declaring the Contract valid and enforceable under the laws of the State of Texas. Hudson

Henley and Northfield Insurance Company freely entered into the Contract, and it is supported by valuable consideration.

20.     Plaintiff requests that the Court construe the following provision of the Contract between Hudson Henley and Northfield Insurance Company to determine their respective rights, obligations and liabilities under the Contract: The loss experienced by Plaintiff is an insurable loss.

21.     Plaintiff has incurred costs and reasonable and necessary attorney fees in seeking this declaratory judgment.

## DAMAGES

22.     Plaintiff has sustained damages in excess of this Court's jurisdictional minimum, as a result of the actions and/or omissions of Defendant described hereinabove, including, but not limited to:

> i.   Actual or economic damages for at least $50,000.00, and
>
> ii.  Special or consequential damages for at least $50,000.00.

## OTHER RELIEF REQUESTED

23.     Declaratory Judgment: Plaintiff requests that declaratory judgment be entered under Chapter 37 of the Texas Civil Practice and Remedies Code as follows:

> i.   declaring the Contract between Hudson Henley and Northfield Insurance Company valid and enforceable under the laws of the State of Texas, and
>
> ii.  the loss experienced by Plaintiff is an insurable loss.

## ATTORNEY'S FEES

24.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal

of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by Chapter 38 of the Texas Civil Practice and Remedies Code and Section 37.009 of the Texas Civil Practice and Remedies Code.

## ALTERNATIVE ALLEGATIONS

25.     Pursuant to Rules 47 and 48, Texas Rules of Civil Procedure and the rules of pleadings, allegations in this petition are made in the alternative.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Hudson Henley, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for specific performance, damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, declaratory judgment, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

HENLEY & HENLEY, P.C.

By: /s/ R. Lane Addison
      R. Lane Addison
      Texas Bar No. 24059355
      Email: rladdison@henleylawpc.com
      3300 Oak Lawn Avenue, Suite 700
      Dallas, Texas 75219
      Tel. (214) 821-0222
      Fax. (214) 821-0124
      Attorney for Plaintiff
      Hudson Henley

# EXHIBIT C-2

-CIT/ESERVE

Case 3:16-cv-00555-B   Document 1-3   Filed 02/29/16   Page 10 of 21   PageID 19

DALLAS COUN
1/12/2016 2:47:37
FELICIA PIT
DISTRICT CLE

Jesse Reyes

# HENLEY & HENLEY, P.C.

Hudson Henley
*Partner*
Geoff J. Henley
*Partner*

3300 Oak Lawn Avenue, Suite 700 ◆ Dallas, TX 75219

Tel: 214.821.0222 ◆ Toll Free: 855.444.1089 ◆ Fax: 214.821.0124

R. Lane Addison
Patrick Murphy
Tom Nowak

January 12, 2016

**Via E-File:**
Dallas County District Clerk

> Re:   Cause No. DC-15-10617; Hudson Henley v. Northfield Insurance Company, 193rd
>        Judicial District Court.

Dear Clerk:

   Please issue a citation only for Defendant Northfield Insurance Company, by serving the person in charge, Kenneth Peterson by certified mail, return receipt requested at 385 Washington Street, St. Paul, MN 55102. Please email the citation to bavila@henleylawpc.com.

   If you have any questions, please feel free to contact me.

Sincerely,

*/s/ Bridgette M. Avila*
Paralegal

# EXHIBIT C-3

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**NORTHFIELD INSURANCE COMPANY**
**BY SERVING ITS REGISTERED AGENT  KENNETH PETERSEN**
**385 WASHINGTON STREET**
**ST PAUL MN  55102**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **193rd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **HUDSON HENLEY**

Filed in said Court  **10th day of September, 2015** against

**NORTHFIELD INSURANCE COMPANY**

For Suit, said suit being numbered **DC-15-10617,** the nature of which demand is as follows:
Suit on **OTHER CONTRACT** etc. as shown on said petition , a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 15th day of January, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

/s/ Sacheen Anthony

By_____, Deputy
    SACHEEN ANTHONY

---

**ESERVE**

# CITATION

## DC-15-10617

**HUDSON HENLEY**
**vs.**
**NORTHFIELD INSURANCE**
**COMPANY**

ISSUED THIS
**15th day of January, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  SACHEEN ANTHONY, Deputy

**Attorney for Plaintiff**
ROBERT L. ADDISON
Email: rladdison@henleylawpc.com
3300 OAK LAWN AVE
SUITE 700
DALLAS TX  75219
214-821-0222

**DALLAS COUNTY**
**SERVICE FEES**

# EXHIBIT C-4



DC-15-10617

| | |
|---|---|
| **HUDSON HENLEY** | **IN THE DISTRICT COURT** |
| **vs.** | **193RD JUDICIAL DISTRICT** |
| **NORTHFIELD INSURANCE COMPANY** | **DALLAS COUNTY TEXAS** |

## NOTICE OF INITIAL DISMISSAL HEARING

Counsel or Pro Se Plaintiff:

This case is set for a hearing on the Initial Dismissal Docket, as per Tex. R. Civ. P. 165a, for **THURSDAY, January 14, 2016,** at 1:30 p.m. in the 193rd District Court Courtroom.

1.   If no Defendant has been served as evidenced by no return of citation having been filed with the court on or before the Dismissal Hearing, the case is subject to being dismissed at the Dismissal Hearing;

2.   If service has been made on a Defendant, but no answer has been filed (and any such answer is past due before the Dismissal Hearing Date), you must obtain a default judgment on or before the Dismissal Hearing, or the case is subject to being dismissed at the Dismissal Hearing. You are encouraged to submit requests for default by submission with affidavit.

3.   If service on at least one Defendant has been made and the citation has been returned to the Court before the Dismissal Hearing, but the time to file an answer has not yet expired, then the Dismissal Hearing is hereby reset for the Friday four weeks following the initial date of the Dismissal Hearing (*i.e.* the date listed above). (If this Friday falls on a holiday, the Dismissal Hearing is reset to the next Friday that is not a holiday.) No further dismissal notice will be sent, and you are expected to obtain a default judgment before the reset date of the Dismissal Hearing, or the case is subject to being dismissed.

4.   If an answer is filed on or before the Dismissal Hearing, the case will be referred to the Court Coordinator to be set for trial, if not already set.

SIGNED this October 07, 2015

*Carl Ginsberg*

_____

The Honorable Carl Ginsberg
193rd Judicial District Court

# EXHIBIT C-5



**IN THE DISTRICT COURT
193RD JUDICIAL DISTRICT
DALLAS COUNTY TEXAS**

2/15/2016

ROBERT L. ADDISON
3300 OAK LAWN AVE
SUITE 700
DALLAS TX  75219


In Re:DC-15-10617
**HUDSON HENLEY vs. NORTHFIELD INSURANCE
COMPANY**


<u>**NOTICE OF STATUS CONFERENCE**</u>

The above-referenced matter has been on the Court's docket for two months with

no activity.  Because of this, please be advised that the above-referenced matter is hereby

set for a status conference/dismissal hearing at:

**March 21, 2016   at 1:30 p.m.**


Failure to appear at this hearing may result in the dismissal of this matter for want

of prosecution pursuant to Texas Rules of Civil Procedure 165a and the Court's inherent

power.

SIGNED this February 15, 2016

*Carl Ginsberg*

---

The Honorable Carl Ginsberg
193rd Judicial District Court

# EXHIBIT C-6

DALLAS COUN
2/29/2016 9:45:46
FELICIA PIT
DISTRICT CLE

CAUSE NO. DC-15-10617

| | | |
|---|---|---|
| HUDSON HENLEY, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | DALLAS COUNTY, TEXAS |
| NORTHFIELD INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | 193RD JUDICIAL DISTRICT |

## DEFENDANT NORTHFIELD INSURANCE COMPANY'S
## ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant Northfield Insurance Company submits the following Original Answer to Plaintiff Hudson Henley's Original Petition as follows:

## I.
## GENERAL DENIAL

Pursuant to Rule 92 of the TEXAS RULES OF CIVIL PROCEDURE, Northfield Insurance Company ("Northfield") generally denies each and every allegation contained in the Original Petition of Hudson Henley ("Plaintiff") and demands strict proof thereof. By this general denial, Northfield demands that Plaintiff prove every fact in support of its claim for breach of contract and declaratory judgment action by a preponderance of the evidence.

## II.
## AFFIRMATIVE DEFENSES

1.   Plaintiff's claims are subject to all of the terms, conditions, limitations and exclusions contained in Northfield Insurance Company policy number WS231409 (the "Policy"), with effective dates of coverage from January 11, 2015 to January 11, 2016.

2.      The amount recoverable for Plaintiff's claims is limited by the applicable limits and sub-limits contained in the Policy.

3.      Plaintiff's claims are barred, in whole or in part, to the extent the claimed loss or damage did not occur during the applicable policy period.

4.      Plaintiff's claims are barred, in whole or in part, to the extent the physical loss or damage was not caused by or resulting from a covered cause of loss.

5.      Plaintiff's claims are barred, in whole or in part, to the extent the claimed damage was caused directly or indirectly by earth movement, as excluded in the Policy.

6.      Plaintiff's claims are barred, in whole or in part, to the extent the claimed damage was caused directly or indirectly by wear and tear, rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself.

7.      Plaintiff's claims are barred, in whole or in part, to the extent the claimed damage was caused directly or indirectly by settling, cracking, shrinking or expansion.

8.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff's claimed damage was caused by or resulted from continuous or repeated seepage or leakage of water or other liquid, or the presence of condensation of humidity, moisture or vapor that occurred over a period of 14 days or more.

9.      Plaintiff's claims are barred, in whole or in part, to the extent the claimed damage was caused directly or indirectly by faulty, inadequate, or defective workmanship, repair (including materials used in repair), or maintenance.

10.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff did not comply with the Plaintiff's duties in the event of loss or damage, including cooperating with Northfield in the investigation of a claim.

DEFENDANT NORTHFIELD INSURANCE COMPANY'S ORIGINAL ANSWER TO
PLAINTIFF'S ORIGINAL PETITION.

PAGE 2

11.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to meet all conditions precedent to the recovery he now seeks under the Policy.

12.     Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or his agents' acts or omissions proximately caused or contributed to Plaintiff's injury.

13.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, waiver, and unclean hands.

14.     Northfield reserves the right to assert additional defenses with respect to such losses or damages as additional information becomes available or apparent as this litigation proceeds.

## III.
## PRAYER

Northfield Insurance Company prays that Plaintiff's claims for relief be denied in their entirety, Plaintiff takes nothing, and Northfield be granted such other and further relief to which it is justly entitled.

Respectfully submitted,

**ZELLE LLP**

By:_____ */s/ Tyler J. McGuire*_____
James W. Holbrook, III
Texas Bar No. 24032426
jholbrook@zelle.com
Jennifer L. Gibbs
Texas Bar No. 24050656
jgibbs@zelle.com
Tyler J. McGuire
Texas Bar No. 24098080
tmcguire@zelle.com

901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone:   241-742-3000
Facsimile:   214-760-8994

**ATTORNEYS FOR DEFENDANT
NORTHFIELD INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Original Answer has been

served this 29th day of February, 2016 in accordance with the TEXAS RULES OF CIVIL

PROCEDURE as follows:

R. Lane Addison
rladdison@henleylawpc.com
HENLEY & HENLEY, P.C.
3300 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
Telephone:   214-821-0222
Facsimile:   214-821-0124
*Attorney for Plaintiff*

_____ */s/ Tyler J. McGuire*_____
Tyler J. McGuire